IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DUANE A. SINGLETON, | ) | No. C 12-5399 LHK (PR) |
| Plaintiff, | ) ) | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DISMISSING WITH LEAVE TO AMEND |
| v. | ) ) | |
| VOLUNTEERS OF AMERICA, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The court screened plaintiff's complaint and found that plaintiff stated cognizable claims that: (1) defendant Kevin Williams ("Williams) and defendant Parole Agent Geiger ("Geiger") violated the Free Exercise Clause, and (2) defendant Volunteers of America violated plaintiff's right to due process.

Defendants Volunteers of America and Williams have filed a motion to dismiss for failure to state a claim against them as well as a request for judicial notice.[1] Plaintiff has filed an opposition, and defendants have filed a reply. Plaintiff then filed an opposition to defendants'

---

[1] At this time, a waiver of service sent to Geiger has not been returned. However, because the court grants defendants' motion to dismiss, and directs plaintiff to file an amended complaint or notify the court that he wishes to continue to prosecute only the claim against Geiger, the court will not address the issue of service upon Geiger until plaintiff either files such an amended complaint or notification.

Order Granting Defendants' Motion to Dismiss; Dismissing with Leave to Amend
G:\PRO-SE\LHK\CR.12\Singleton399mtd.wpd

reply and an addendum to that opposition. For the reasons stated below, defendants' motion to dismiss is GRANTED.

## BACKGROUND

Plaintiff, a parolee, was housed in a Volunteers of America community/correctional re-entry center.[2] In his complaint, plaintiff claimed that Williams, plaintiff's case work supervisor, and Geiger prohibited plaintiff from attending plaintiff's religious services. Further, plaintiff alleged that Williams and Geiger were punishing plaintiff for wearing a "cuffee," which is a male head covering for Islamists. Finally, plaintiff alleged that the Volunteers of America had a policy of denying their residents due process rights by punishing them without a hearing.

## DISCUSSION

Defendants move to dismiss the complaint for failure to state a claim against them. Specifically, defendants argue that plaintiff has not, and cannot, allege that they were "persons" acting under the color of state law.

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

---

[2] Counsel clarifies that, in fact, Volunteers of America is the organization that operates "West House," a residential, community-based re-entry program for parolees and male nonviolent offenders who have been released from prison.

Order Granting Defendants' Motion to Dismiss; Dismissing with Leave to Amend
G:\PRO-SE\LHK\CR.12\Singleton399mtd.wpd   2

678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A person acts under color of state law if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (citation and internal quotation marks omitted). A private individual generally does not act under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. *See Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 559 (9th Cir. 1974). Simply put: there is no right to be free from the infliction of constitutional deprivations by private individuals. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996).

Action taken by private individuals or organizations may be under color of state law "if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotations omitted). Acts by a private actor may comprise state action – for example, if, with respect to the activity at issue, the private entity is: (1) engaged in a traditionally exclusive public function; (2) "entwined" with the government; (3) subject to governmental coercion or encouragement; or (4) willingly engaged in joint action with the government. *See Logiodice v. Trustees of Maine Cent. Institute*, 296 F.3d 22, 26 (1st Cir. 2002) (citing *Brentwood Academy*, 531 U.S. at 295-96).

Plaintiff alleges no facts suggesting that the conduct of defendants, comprised of a private individual as well as a private organization, could fairly be treated as conduct of the State itself. Plaintiff's complaint does not state or intimate that either Williams or Volunteers of America is a state actor. Plaintiff's complaint does not show that either defendant engaged in a traditionally exclusive public function, was entwined with the government, was subject to governmental coercion, or willingly engaged in some joint action with the government.

Order Granting Defendants' Motion to Dismiss; Dismissing with Leave to Amend
G:\PRO-SE\LHK\CR.12\Singleton399mtd.wpd     3

Plaintiff's opposition and supplemental opposition merely make conclusory statements such as "Volunteers of America is in fact a state influenced and state run re-entry program," and alleges that each employee of West House "is in fact a quasi-state actor." (Doc. No. 23 at 2.) This is insufficient. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.") (citations omitted). Moreover, defendants have submitted a request for judicial notice[3] which includes the articles of incorporation of the Volunteers of America. (Doc. No. 13.) The articles of incorporation demonstrate that Volunteers of America/West House is, in fact, not a state-run program, but a corporation formed to operate "a religious, missionary and welfare society . . . ." (Defs.' Req. Jud. Not., Ex. A.)

Therefore, plaintiff's § 1983 claims against defendants are DISMISSED. This dismissal is with leave to amend. Plaintiff may reassert the claims in an amended complaint only if he can in good faith allege facts demonstrating that defendants were acting under color of state law. In addition, plaintiff must specify when the alleged incidents took place. Plaintiff is reminded that he is obligated to provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action or conclusory statements of accusations will not do. Plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right).

## CONCLUSION

Defendants' motion to dismiss is GRANTED. Plaintiff's claims against Williams and Volunteers of America are DISMISSED WITH LEAVE TO AMEND.

---

[3] Defendants' request for judicial notice is GRANTED. "[A]s a general rule, a district court may not consider materials not originally included in the pleadings in deciding a Rule 12 motion[,] . . . [however,] it may take judicial notice of matters of public record and may consider them without converting a Rule 12 motion into one for summary judgment." *United States v. 14.02 Acres of Land*, 547 F.3d 943, 955 (9th Cir. 2008) (quotations and citations omitted). Exhibit A of defendants' request for judicial notice is publicly recorded and may be considered in deciding defendants' dismissal motion.

Plaintiff is directed to file an amended complaint, as set forth above, within **twenty-eight (28) days** from the date of this order.  Plaintiff must use the attached civil rights form, write the case number for this action – C 12-5399 LHK (PR) – on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form.  Because the amended complaint completely replaces any previous complaints, plaintiff must include all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from previous complaints by reference.  Alternatively, within **twenty-eight days**, plaintiff may notify the court that he does not wish to file an amended complaint but instead, would like to continue to prosecute only the remaining claim against Parole Agent Geiger.

**The failure to file an amended complaint or notice that plaintiff wants to prosecute only the remaining claim against Parole Agent Geiger will result in the dismissal of this action without prejudice.**

**The Clerk of the court shall send plaintiff a blank civil rights form along with a copy of this order.**

IT IS SO ORDERED.

DATED:   11/3/13

_____
LUCY H. KOH
United States District Judge

Order Granting Defendants' Motion to Dismiss
G:\PRO-SE\LHK\CR.12\Singleton399mtd.wpd         5