1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16

| | | |
|---|---|---|
| DUANE A. SINGLETON, | ) | No. C 12-5399 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF DISMISSAL; |
| | ) | DIRECTING PLAINTIFF TO |
| v. | ) | PROVIDE MORE |
| | ) | INFORMATION FOR |
| VOLUNTEERS OF AMERICA, et al., | ) | DEFENDANT PAROLE AGENT |
| | ) | GEIGER |
| Defendants. | ) | |
| | ) | (Docket No. 35.) |

17
18
19
20
21

        Plaintiff, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.

On November 4, 2013, the court granted defendants' motion to dismiss for failure to state a

claim.  On November 25, 2013, plaintiff filed an amended complaint.  For the reasons stated

below, plaintiff's claims against defendant Kevin Williams and defendant Volunteers of America

are DISMISSED without leave to amend.

22

**DISCUSSION**

23

A.    Standard of Review

24
25
26
27
28

        A federal court must conduct a preliminary screening in any case in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss

any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

1    § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*

2    *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

3        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

4    (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

5    the alleged violation was committed by a person acting under the color of state law.  *See West v.*

6    *Atkins*, 487 U.S. 42, 48 (1988).

7    B.    <u>Legal Claims</u>

8        In plaintiff's original complaint, plaintiff alleged that he was on parole, and was housed

9    in a Volunteers of America community/correctional re-entry center.  Plaintiff claimed that Kevin

10   Williams, his case work supervisor, and Parole Agent Geiger were prohibiting plaintiff from

11   attending his religious services.  Further, plaintiff alleged that they were punishing plaintiff for

12   wearing a "cuffee," which is a male head covering for Muslims.  Finally, plaintiff alleged that

13   the Volunteers of America had a policy of denying their residents due process rights by

14   punishing them without a hearing.

15       Defendants Kevin Williams and Volunteers of America filed a motion to dismiss for

16   failure to state a claim because Williams and Volunteers of America were not state actors, nor

17   did plaintiff allege that they were.  The court granted defendants' motion, and gave plaintiff

18   leave to file an amended complaint if plaintiff could demonstrate that defendants Volunteers of

19   America and Kevin Williams were state actors.  The court also advised plaintiff to provide more

20   than conclusory allegations.

21       In plaintiff's amended complaint, plaintiff alleges that Kevin Williams and Parole Agent

22   Geiger jointly conspired against plaintiff to deprive plaintiff of his constitutional rights to attend

23   Juma Services.  Plaintiff claims that both defendants told plaintiff that plaintiff would not be able

24   to exercise that right because "they" were doing plaintiff a favor by allowing plaintiff to be in

25   "the program."  Plaintiff claims that both Williams and Geiger knew that plaintiff was forced to

26   be at Volunteers of America due to a condition of plaintiff's parole, and plaintiff would be sent

27   to jail if plaintiff did not complete the program.

28       Plaintiff also claims that defendants prevented plaintiff from exhausting administrative

1  remedies.  Further, plaintiff alleges that defendants Williams and Geiger conspired to punish

2  plaintiff for wearing a cuffee and failing to remove it.  Plaintiff states that Williams knew that

3  plaintiff must wear the cuffee during prayer, which plaintiff does at least five times a day.

4  Plaintiff alleges that Williams is trying to dictate when and where plaintiff can pray.

5        Finally, plaintiff alleges that Volunteers of America have failed in their responsibility by

6  not having any structure to monitor, supervise, or adequately train their subordinates or

7  employees.  Plaintiff asserts that Volunteers of America is colluding with the other defendants.

8  Plaintiff summarily states that Volunteers of America is retaliating against him, and plaintiff is

9  getting persecuted for being Muslim.

10       However, again, plaintiff has failed to provide any facts demonstrating that Volunteers of

11  America or Kevin Williams are state actors.  As the court noted in reviewing plaintiff's original

12  complaint, plaintiff alleges no facts suggesting that the conduct of defendants, comprised of a

13  private individual as well as a private organization, could fairly be treated as conduct of the State

14  itself.  Plaintiff's amended complaint does not state or intimate that either Williams or

15  Volunteers of America is a state actor.  Plaintiff's amended complaint does not show that either

16  defendant engaged in a traditionally exclusive public function, was entwined with the

17  government, was subject to governmental coercion, or willingly engaged in some joint action

18  with the government.  *See, e.g.*, *Byng v. Delta Recovery Services, LLC*, 2013 WL 3897485, *8

19  (N.D.N.Y. 2013) ("Even assuming that Plaintiff was forced to reside at [the residential drug

20  treatment center] and participate in their treatment programs, such a requirement as a condition

21  of parole, without more, does not create state action for purposes of section 1983 on the part of

22  the residential facility providing the treatment.").

23       Further, although state action may be found where private individuals are willful

24  participants in joint activity with the State or its agents that effects a constitutional deprivation,

25  *see Johnson v. Knowles*, 113 F.3d 1114, 1119 (9th Cir. 1997), plaintiff has not shown joint

26  activity.  Instead, plaintiff summarily claims that Williams "conspired" with defendant Geiger,

27  plaintiff's parole agent.  While the "joint activity" test can be satisfied by an agreement or

28  conspiracy between a government actor and a private party, *see Dennis v. Sparks*, 449 U.S. 24,

1   29 (1980) (private individual jointly acting with state officials may be engaged in conspiracy and

2   acting "under color of state law"), more than "conclusory allegations" of a conspiracy are

3   required to consider a private party a state actor, *see Simmons v. Sacramento County Superior*

4   *Court*, 318 F.3d 1156, 1161 (9th Cir. 2003).  *See also Dietrich v. John Ascuaga's Nugget*, 548

5   F.3d 892, 899-900 (9th Cir. 2008) (noting that the plaintiff must allege facts tending to show that

6   the defendants acted under color of state law or authority); *Price v. State of Hawaii*, 939 F.2d

7   702, 708 (9th Cir. 1991) ("defendant is entitled to more than the bald legal conclusion that there

8   was action under color of state law").

9        Accordingly, plaintiff's claims against defendants Williams and Volunteers of America

10   are DISMISSED.  Because plaintiff has already been given one opportunity to rectify this

11   deficiency, the dismissal is without leave to amend.

12        The remaining defendant, Parole Agent Geiger, has yet to be served.  On January 18,

13   2013, the court sent a notice of lawsuit and request for waiver to defendant Geiger at the

14   Volunteers of America, but never received a response.  Thereafter, counsel for Volunteers of

15   America informed the court that defendant Geiger cannot be found at Volunteers of America, nor

16   is he employed there.

17        Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on

18   service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such

19   service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate

20   defendant and attempt to remedy any apparent defects of which [he] has knowledge."  *Rochon v.*

21   *Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).  Here, plaintiff's complaint has been pending for

22   over 120 days, and thus, absent a showing of "good cause," is subject to dismissal without

23   prejudice.  *See* Fed. R. Civ. P. 4(m).

24        Because plaintiff has not provided sufficient information to allow the Marshal to locate

25   and serve defendant Parole Agent Geiger, plaintiff must remedy the situation or face dismissal of

26   his claims against this defendant without prejudice.  *See Walker v. Sumner*, 14 F.3d 1415, 1421-

27   22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be

28   dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with

1   sufficient information to effectuate service).  Accordingly, **within thirty (30) days** of the filing

2   date of this order, plaintiff must provide the court with an accurate and current address for

3   defendant Parole Agent Geiger such that the Marshal is able to effect service.

**CONCLUSION**

4   

5        1.     Plaintiff's claims against defendants Volunteers of America and Williams are

6   DISMISSED without leave to amend.  Because the court dismisses defendants Volunteers of

7   America and Williams pursuant to the court's preliminary screening of plaintiff's amended

8   complaint, defendants' motion to dismiss the first amended complaint for failure to state a claim

9   is DENIED as unnecessary.

10       2.     Plaintiff must file notice and provide the court with an accurate and current

11  address for defendant Parole Agent Geiger such that the Marshal is able to effect service.  If

12  plaintiff fails to provide the court with an accurate and current address for defendant Parole

13  Agent Geiger **within thirty (30) days** of the date this order is filed, plaintiff's claims against this

14  defendant will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of

15  Civil Procedure.

16       3.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

17  and all parties informed of any change of address and must comply with the court's orders in a

18  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

19  pursuant to Federal Rule of Civil Procedure 41(b).

20       IT IS SO ORDERED.

21  

22  DATED: _4/8/14_            _Lucy H. Koh_____

                                   LUCY H. KOH

23                                     United States District Judge

24  

25  

26  

27  

28