IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE A. SINGLETON,          ) | No. C 12-5399 LHK (PR) |
| )                             | |
| Plaintiff,          ) | ORDER SUA SPONTE |
| )                             | GRANTING EXTENSION OF |
| v.          ) | TIME TO PROVIDE LOCATION |
| )                             | OF PAROLE AGENT GEIGER |
| VOLUNTEERS OF AMERICA, et al.,          ) | |
| )                             | |
| Defendants.          ) | |
| ) | |

  Plaintiff, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On November 4, 2013, the court granted defendants' motion to dismiss for failure to state a claim. On November 25, 2013, plaintiff filed an amended complaint. On April 9, 2014, the court dismissed claims against defendants Volunteers of America and Kevin Williams because even after being given an opportunity to correct the deficiency, plaintiff failed to sufficiently allege that either defendant was a person acting under color of state law.

  The court also directed plaintiff to provide more information regarding the location of the remaining defendant, Parole Agent Geiger. In that order, the court instructed plaintiff to provide sufficient information to effectuate service upon, or face dismissal of, Parole Agent Geiger. *See* Fed. R. Civ. P. 4(m). Plaintiff filed a response on April 30, 2014, indicating that he was unable to obtain a forwarding address for Parole Agent Geiger, who had since retired. Plaintiff further stated that he was told by another parole agent that the court has a processing unit which locates

and serves outstanding defendants who have yet to be served.

However, neither the Marshal nor the court is required to make a search of every government database to identify and locate a defendant. Plaintiff is responsible for providing the court with sufficient information for the Marshall to serve Parole Agent Geiger in his case. Nonetheless, as a matter of courtesy, the court requests the Litigation Coordinator at the Regional Parole Office to confirm that Parole Agent Geiger is indeed retired. Within **thirty days** of the filing date of this order, the Litigation Coordinator is also requested to provide a forwarding address for Parole Agent Geiger, or file a notice that such information is not available.

Plaintiff is therefore granted *sua sponte* a thirty-day extension of time to provide an accurate location so that the Marshall can serve Parole Agent Geiger. **Within thirty days** of the filing date of this order, if the Litigation Coordinator has not provided a forwarding address and plaintiff has not provided an accurate and current location so that the Marshal can serve Parole Agent Geiger, the claims against Parole Agent Geiger will be dismissed without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

**The clerk is directed to send a copy of this order to the Litigation Coordinator at the Regional Parole Office at 1515 Clay Street, 10th Floor, Oakland, CA 94612.**

IT IS SO ORDERED.

DATED:  6/23/14

LUCY H. KOH
United States District Judge

Order Sua Sponte Granting Extension of Time to Provide Location of Parole Agent Geiger
P:\PRO-SE\LHK\CR.12\Singleton399eotGeiger.wpd     2